**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff/Petitioner,*

v.

DANIEL J. MACKLE, SR. and SILVER EDGE
FINANCIAL, LLC,

*Defendants/Respondents.*

Docket No.:  7:24-mc-489

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION**
**FOR AN ORDER UNDER SECTION 21(e) OF THE EXCHANGE ACT AND SECTION**
**209(D) OF THE ADVISERS ACT ENFORCING COMPLIANCE**
**WITH COMMISSION ORDER**

The Plaintiff/Petitioner, Securities and Exchange Commission (the "Commission"), hereby applies to the Court for an order pursuant to Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), to enforce compliance by Defendants/Respondents Daniel J. Mackle, Sr. ("Mackle") and Silver Edge Financial, LLC ("Silver Edge") (collectively referred to as "Respondents") with a final Commission Order entered against them on March 3, 2023.  This Order, entered with the consent of the Respondents, required Respondents to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on unpaid amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600, undertakings, and injunctive relief.

In support of its Application, the Commission states as follows:

**INTRODUCTION**

1.      The Commission seeks by this Application to enforce an order of the Commission which found that Respondents had violated Sections 15(b) and 21C of the Exchange Act, and as to Mackle only, Section 203(f) of the Advisers Act.

2.      Respondents have wholly failed to comply with the Commission order requiring them to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest accrual on unpaid amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600.

**PARTIES**

3.      The Commission is an agency of the United States Government.   The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4.      Daniel J. Mackle, Sr., age 54, is a resident of Pomona, New York. Mackle is the CEO and Managing Member of Silver Edge.

5.      Silver Edge Financial LLC is a Delaware corporation with a principal place of business in Hackensack, New Jersey.

**JURISDICTION AND VENUE**

6.      This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act and Section 209(d) of the Advisers Act.

7.      Venue lies in the Southern District of New York under Section 27(a) of the Exchange Act and Section 44 of the Investment Company Act, Section 214(a) of the Advisers Act. Respondent Mackle is "found" or is an "inhabitant" of this District.

**STATEMENT OF RELEVANT FACTS**

8.     This matter arises out of Respondents' sale of membership interests in two pooled investment vehicles – the Silver Edge Pre-IPO Fund LLC and the Silver Edge Venture Fund LLC (the "Silver Edge Funds") – that were formed to invest in pre-initial public offering ("IPO") securities.  Since January 2019, Silver Edge and its CEO, Mackle, procured interests in a portfolio of pre-IPO shares which they offered to investors as membership interests in the Silver Edge Funds.  Silver Edge is the Manager of the Silver Edge Funds and Mackle was the sole member of Silver Edge.  During the relevant period, Silver Edge and Mackle sold over $65 million worth of interests in the Silver Edge Funds to investors with the assistance of a sales force of unregistered brokers.  Respondents marketed and sold series interests in the Silver Edge Funds nationwide and were paid management fees as a percentage of the amounts sold.  In so doing, Respondents operated as unregistered brokers in violation of Section 15(a) of the Exchange Act.

9.     On March 3, 2023, the Commission, with the Respondents' consent, issued an Order making findings and imposing remedial sanctions and injunctive relief against Respondents finding they had violated Sections 15(b) and 21C of the Exchange Act, and as to Mackle only Section 203(f) of the Advisers Act and requiring them to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and with interest accruing on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600.

10.     In addition, the Commission ordered Respondents to perform specific undertakings as detailed in the Order including requiring the Respondents to retain, within 60 days of the date

of entry of the Commission's Order, the services of an Independent Distribution Consultant ("IDC") not unacceptable to the Commission.

11.     The Commission further ordered Respondents to cease and desist from committing or causing any violations and any future violations of Section 15(a) of the Exchange Act.

12.     The Commission also ordered the Respondents: barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission; and barred them from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

13.     Respondents did not seek review of the Order, and their time to do so has expired.

### ARGUMENT

14.     The Commission brings this proceeding under Section 21(e) of the Exchange Act and Section 209(d) of the Advisers Act.  These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

15.     Proceedings under these provisions are summary in nature.  *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003).  In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted

without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

16. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Taber*, 2013 WL 6334375 at \*1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Stoecklein*, 2015 WL 6455602 at \*1 (S.D. Cal. Oct. 26, 2015); *SEC v. Markowski*, 2007 WL 2566247 at \*1 (M.D. Fla. Aug. 31, 2007).

17. In such proceedings, the Respondents may not challenge the validity of the order the Commission seeks to enforce. *SEC v. Gerasimowicz*, 9 F. Supp.2d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

18. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause directing Respondents to show cause why this Court should not enter an Order enforcing their compliance with the Commission Order.

II.

That the Court thereafter enter an Order enforcing the Commission Order and requiring:

a. Respondents to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600;

b. Compliance with the Undertakings set forth in the Order; and

c.  Compliance with the Injunctive Relief set forth in the Order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

VI.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

V.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the order entered herein.

VI.

That the Court order such other and further relief as may be just and proper.

Dated:  October 23, 2024

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov

- 7 -

Telephone:    202.551.4347
Facsimile:    703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission