**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**SECURITIES AND EXCHANGE COMMISSION,**

***Plaintiff/Petitioner,***

**v.**

**DANIEL J. MACKLE, SR. and SILVER EDGE FINANCIAL, LLC,**

***Defendants/Respondents.***

Docket No.: 7:24-mc-489

**CONSENT OF SILVER EDGE FINANCIAL, LLC TO ENTRY OF JUDGMENT ENFORCING ORDER OF THE SECURITIES AND EXCHANGE COMMISSION**

1. The Defendant/Respondent Silver Edge Financial, LLC ("Silver Edge") waives the service of a summons and complaint or other process in this action, enters a general appearance, and consents to the Court's jurisdiction over it and over the subject matter of this action. Respondent Silver Edge further consents to the entry of a Judgment by this Court (the "Judgment") which will incorporate the terms of this Consent.

2. On March 3, 2023, the Commission, on consent, without Silver Edge admitting or damaging the Commission's allegations, issued an Order ("Commission Order"), making findings and imposing remedial sanctions and injunctive relief against Silver Edge and another, finding that Silver Edge had violated Sections 15(b) and 21C of the Exchange Act, and requiring Silver Edge to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, to the Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and with interest accruing on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600.

3. In addition, the Commission ordered Silver Edge to perform specific undertakings as detailed in the Commission Order, including requiring Silver Edge to retain, within 60 days of the date of entry of the Commission Order, the services of an Independent Distribution Consultant ("IDC") not unacceptable to the Commission. An IDC was appointed and is working on a Distribution Plan, as set forth in the Commission Order.

4. The Commission further ordered Silver Edge to cease and desist from committing or causing any violations and any future violations of Section 15(a) of the Exchange Act.

5. The Commission also ordered the Silver Edge: barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission; and barred Silver Edge from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny, stock with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

6. Silver Edge has not fully paid the amounts due under the Commission Order. As of today, the full amount of the Commission Order is outstanding, including interest that continues to accrue on the disgorgement balance pursuant to SEC Rule 600, and interest on the civil penalty that continues to accrue pursuant to 31 U.S.C. § 3717. Following entry of the Judgment, post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

7. In light of the provisions of the Commission Order that requires distribution by the IDC, first Silver Edge shall make such payments to the IDC as are necessary for the IDC's Distribution Plan. If there is any inconsistency between this Order and the provision of the Commission Order with respect to the IDC, such inconsistency shall be resolved in favor of the IDC.

8. Subject to Paragraph 7 hereof, in accordance with the Commission Order, all additional payments made by Silver Edge shall be applied first to post-judgment interest, then to disgorgement and then the civil penalty.

9. Upon such payments being fully made, the Commission will provide Silver Edge with a full satisfaction of judgment and discharge any judgment lien it may have docketed.

10. The Court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this Court against Silver Edge as to disgorgement through civil contempt and/or other collection procedures authorized by law.

11. The Court, subject to the foregoing, may order such relief against Silver Edge as may be necessary for enforcement of any order of this Court against Silver Edge as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

12. The Court shall retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

13. Silver Edge waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure with respect to the entry of the Judgment.

14. Silver Edge enters this Consent voluntarily and represent that no threats, offers, promises, or inducements of any kind have been made to it by the Commission or any member,

officer, employee, agent, or representative of the Commission to induce it to enter into this Consent, but Respondent Daniel J. Mackle, Jr. reserves all of his rights and remedies with respect to the SEC's Application herein or otherwise.

15. Silver Edge agrees that this Consent shall be incorporated into the Judgment to be entered by the Court against Silver Edge with the same force and effect as if fully set forth therein.

16. Silver Edge agrees that the Commission may present the Judgment to the Court for signature and entry without further notice.

Dated: January 14, 2025

SILVER EDGE FINANCIAL, LLC
BY: Manager and solely in his capacity as Manager and not individually, and reserving all of his rights with respect to the SEC's Application herein and otherwise

STATE OF ~~NEW YORK~~ NJ:

COUNTY OF BERGEN

On January 14, 2025 Daniel J. Mackle, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Notary Public
My Commission Expires:

NOEL PERDON
Notary Public, State of New Jersey
Comm. # 50071246
My Commission Expires 11/13/2027



{1749506.3 }