UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>***Plaintiff/Petitioner,***<br><br>**v.**<br><br>**DANIEL J. MACKLE, SR. and SILVER EDGE FINANCIAL, LLC,**<br><br>***Defendants/Respondents.*** | Docket No.: 7:24-mc-489 |

**[PROPOSED] FINAL JUDGMENT**

The Plaintiff Securities and Exchange Commission (the "Commission") having applied to the Court for a Final Judgment pursuant Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act") 15 U.S.C. § 80b-9(d), to enforce compliance by Respondent Silver Edge Financial, LLC ("Silver Edge" or "Respondent"), with a final Commission order entered against them on March 3, 2023 (the "Commission Order"). This order, entered on consent, without Silver Edge admitting or changing the Commission's allegations, required Silver Edge to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000 to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600, undertakings and injunctive relief. Respondent Silver Edge having entered a Consent to the entry of a Final Judgment by this Court, and it appearing to the Court that such a Final Judgment should enter, it is hereby:

**I.**

**ORDERED, ADJUDGED, AND DECREED** that the Commission Order is enforced against Silver Edge only.

**II.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Respondent Silver Edge, as required by the Commission Order, pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally with Daniel J. Mackle, Sr., to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600, until the entry of Final Judgment, together with post-judgment interest pursuant to 28 U.S.C. § 1961 from the date of the entry of this Final Judgment. However, in light of the provisions of the Commission Order that requires distribution by an Independent Distribution Consultant (the "IDC"), first Silver Edge shall make such payments to the IDC as are necessary for the IDC's Distribution Plan. If there is any inconsistency between this Order and the provisions of the Commission Order with respect to the IDC, such inconsistency shall be resolved in favor of the IDC.

**III.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Respondent Silver Edge shall cease and desist from committing or causing any violations and any future violations of Section 15(a) of the Exchange Act. Respondent Silver Edge is also barred from association with any broker, dealer, investment adviser, municipal securities dealer, municipal advisor, transfer agent, or nationally recognized statistical rating organization with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the

Commission; and barred them from participating in any offering of a penny stock, including: acting as a promoter, finder, consultant, agent or other person who engages in activities with a broker, dealer or issuer for purposes of the issuance or trading in any penny stock, or inducing or attempting to induce the purchase or sale of any penny stock with the right to apply for reentry after five (5) years to the appropriate self-regulatory organization, or if there is none, to the Commission.

**IV.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that Respondent Silver Edge shall make payment in one of the following ways:

(1) Respondent Silver Edge may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request;

(2) Respondent Silver Edge may make direct payment from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm; or

(3) Respondent Silver Edge may pay by certified check, bank cashier's check, or United States postal money order, made payable to the Securities and Exchange Commission and hand-delivered or mailed to:

Enterprise Services Center
Accounts Receivable Branch
HQ Bldg., Room 181, AMZ-341
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

Payments by check or money order must be accompanied by a cover letter identifying the Defendant in this action, and the name of this Court and the docket number of this action; a copy of the cover letter and check or money order must be sent to Michael Roessner, Securities and

Exchange Commission, 100 F Street, NE, Mail stop 5628, Washington, DC 20549-5628. Upon such payments being fully made, the Commission will provide Defendant with a full satisfaction of judgment and discharge any judgment lien it may have docketed.

Amounts ordered to be paid as a civil money penalty pursuant to this Order shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Respondent shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Respondent's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Respondent's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Respondent shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the Commission. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Respondent by or on behalf of one or more investors based on substantially the same facts giving rise to the Commission Order.

**V.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this Court as to the civil monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

**VI.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court, subject to the foregoing, may order such relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

**VII.**

**FURTHER ORDERED, ADJUDGED, AND DECREED** that the Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. Post-Judgment interest shall accrue pursuant to 28 U.S.C. § 1961.

**VIII.**

**FURTHER ORDERED, ADJUDGED, AND DECREED**, that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Application are true and admitted by Respondent and further, any debt for civil penalties or other amounts due by Respondent under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

Dated:

____________________________________
HON. PHILIP M. HALPERN
UNITED STATES DISTRICT JUDGE