**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>***Plaintiff/Petitioner,***<br><br>**v.**<br><br>**DANIEL J. MACKLE, SR. and SILVER EDGE FINANCIAL, LLC,**<br><br>***Defendants/Respondents.*** | Docket No.: 7:24-mc-489 (PMH) |

**SEC'S REPLY MEMORANDUM OF LAW**

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION.. ......................................................................................................... 1

ARGUMENT ................................................................................................................ 3

I. The Statutory Basis for this Application. .................................................................. 3

II. Mackle's substantive challenges to the relief contained in the consent order are not properly before this Court. ..................................................................................... 4

1. Mackle knowingly and voluntarily waived his right to challenge the consent order.. ........ 5

2. Mackle forfeited any challenges to the consent order by failing to seek timely review as provided in the statutory review scheme. ....................................................................... 6

III. Mackle's Self-Professed Inability to Pay the Commission Order provides no justification to avoid entering Final Judgment against him. ........................................................... 8

CONCLUSION.. ......................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**

*Ackermann v. United States*, 340 U.S. 193 (1950) .......... 5

*Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012) .......... 7

*Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844 (6th Cir. 2017). .......... 5

*Gonnella v. SEC*, 954 F.3d 536 (2d Cir. 2020) .......... 8

*Harper v. Va. Dep't of Tax'n*, 509 U.S. 86 (1993). .......... 8

*Hill v. SEC*, 825 F.3d 1236, 1237 (11th Cir. 2016). .......... 7

*In re Putnam Inv. Mgmt., LLC*, 2004 WL 1619113 (S.E.C. July 20, 2004) .......... 5

*Kern v. SEC*, 724 F. App'x 687 (10th Cir. 2018). .......... 7

*Jalbert v. SEC*, 327 F.Supp.3d 287 (D. Mass. 2019). .......... 4

*Mister Discount Stockbrokers, Inc. v. SEC*, 768 F.2d 875 (7th Cir. 1985) .......... 3, 7

*Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) .......... 5

*Pierce v. SEC*, 737 F.Supp.2d 1068 (N.D. Ca. 2010). .......... 4

*SEC v. Bridge*, 2014 WL 169813 (M.D. Fl. Jan. 10, 2014) .......... 4

*SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285 (2d Cir. 2014). .......... 5

*SEC v. Cobalt Multifamily Investors, I, LLC*, 2011 WL 4885093 (S.D.N.Y. Oct. 13, 2011) .......... 4

*SEC v. Coronati* 2016 WL 6462240 (E.D.N.Y. Oct. 14, 2016) .......... 8

*SEC v. Craig Scott Capital,* 2020 WL 435034 (E.D.N.Y. Jan. 28, 2020). .......... 8

*SEC v. Hold Brothers,* 216 F.Supp.3d 422 (D.N.J. 2016) .......... 8, 9

*SEC v. Gerasimowicz*, 9 F. Supp. 3d 378 (S.D.N.Y. 2014) .......... 8

*SEC v. Inorganic Recycling Corp.*, 2002 WL 1968341 (S.D.N.Y. Aug. 23, 2002) .......... 9

*SEC v. Keating II*, 2011 WL 1549429 (D. Utah Apr. 22, 2011) .......... 9

*SEC v. McCarthy,* 322 F.3d 650 (9th Cir. 2003) .......... *Passim*

*SEC v. Mortensen*, 2013 WL 991334 (E.D.N.Y. Mar. 11, 2013) .......... 9

*SEC v. Pinchas*, 421 F. Supp.2d 781 (S.D.N.Y. 2006). .......... 2, 3, 7

*SEC v. Robinson*, 2002 WL 1552049 (S.D.N.Y. July 16, 2002) .......... 9

*SEC v. Stanley*, 2021 WL 7543043 (S.D.Fl. Apr. 9, 2021) .......... 8

*SEC v. United Energy Partners, Inc.*, 746, 2004 WL 315185 (5th Cir. Feb. 18, 2004) .......... 9

*SEC v. Universal Express, Inc.*, 646 F. Supp. 2d 552 (S.D.N.Y. 2009) .......... 9

*SEC v. Vindman*, 2007 WL 1074941 (S.D.N.Y. 2007) .......... 3, 4

*SEC v. Warren*, 2008 WL 1934483 (11th Cir. May 5, 2008). .......... 9

*United States v. Bank of New York*, 14 F.3d 756 (2d Cir. 1994) .......... 5

*United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370 (2d Cir. 2001) .......... 5

*Yakus v. United States*, 321 U.S. 414 (1944) .......... 8

**Federal Statutes**

15 U.S.C. § 78u(e)(1) (Exchange Act § 21(e) .......... *Passim*

15 U.S.C. § 78u-6 (Exchange Act § Section 21F(g)(3)) .......... 2

15 U.S.C. § 78y(a) (Exchange Act § 25(a) .......... 4

15 U.S.C. § 78y(c)(1) (Exchange Act § 25(c)(1)) .......... 7

15 U.S.C. § 80b-9(d) (Advisers Act § 209) .......... 1, 2, 3

31 U.S.C. § 3717 .......... 2

**Federal Regulations**

17 C.F.R. § 201.240(a) .......... *Passim*
17 C.F.R. § 201.240(c)(4) .......... *Passim*
17 C.F.R. § 201.240(c)(5) .......... *Passim*
17 C.F.R. § 201.600 .......... 2

**Rule of Civil Procedure**

Rule 69(a) .......... 3

Plaintiff United States Securities and Exchange Commission ("SEC" or the "Commission") respectfully submits this reply memorandum of law in further support of its application for a Judgment against Daniel Mackle ("Mackle" or "Respondent") so that the Commission may enforce its lawful order.[1]

## INTRODUCTION

This is a summary proceeding under Sections 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), to enforce the Commission order entered against Respondents Daniel J. Mackle, Sr. ("Mackle") and Silver Edge Financial, LLC ("Silver Edge") (collectively referred to as "Respondents") on March 3, 2023 ("Commission Order").[2] On March 3, 2023, with the risk of administrative and cease-and-desist proceedings looming, Respondents executed Offers of Settlement pursuant to Rule 240(a) of the Rules of Practice of the SEC, 17 C.F.R. § 201.240(a) (the "Offer").[3] The Offers included the following language: "By submitting this Offer, Respondent hereby waives, subject to acceptance of the Offer, of those rights specified in" Rules 240(c)(4) and (5) of the Commission's Rules of Practice.[4]

Rule 240(c)(4) provides the following, all which Respondents agreed to waive:

(i) all hearings pursuant to the statutory provisions under which the proceeding is to be or has been instituted;

(ii) the filing of proposed findings of fact and conclusions of law;

(iii) proceedings before, and an initial decision by, a hearing officer;

(iv) all post-hearing procedures; and

(v) judicial review by any court.

---

[1] On January 14, 2025, Silver Edge consented to the entry of final judgment. Dkt. Nos. 18-19.
[2] Commission Order, Exhibit 1 to SEC Application (Dkt. No. 1-1).
[3] Rule 240 of the Rules of Practice of the SEC, 17 C.F.R. § 201.240(a). (A copy of "Offer of Settlement" is attached.)
[4] 17 C.F.R. § 201.240(c)(4) and (5).

In addition, the Respondents waived Rule 240(c)(5):

(i) such provisions of the Rules of Practice or other requirements of law as may be construed to prevent any member of the Commission's staff from participating in the preparation of, or advising the Commission as to, any order, opinion, finding of fact, or conclusion of law to be entered pursuant to the offer; and

(ii) any right to claim bias or prejudgment by the Commission based on the consideration of or discussions concerning settlement of all or any part of the proceeding.[5]

The Commission Order required Respondents to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the Securities and Exchange Commission or transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600, undertakings and injunctive relief.[6] Because Respondents have not paid the total amount ordered, the Commission seeks an order from this Court enforcing these obligations.

In a proceeding brought by the Commission under Section 21(e) of the Exchange Act and Section 209(d) of the Advisers Act, a respondent may not challenge the validity of that Order.[7] Therefore, it is simply too late for the Mackle to assert defenses to the relief granted in the Commission Order. Mackle does not deny that the Commission ordered him to pay these amounts and does not allege that he has paid these amounts.[8]

The sole issue appropriately before the Court is whether to enter a judgment for the unpaid amounts based on the Commission's valid order entered against Mackle on March 3, 2023. Mackle's opposition raises issues that have already been litigated to finality before the SEC, and indeed, issues to which he has already consented complete resolution. Mackle agreed to waive his right to challenge the

---

[5] *Id*.
[6] 17 C.F.R. § 201.600.
[7] *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006).
[8] Affidavit of Daniel J. Mackle at ¶10 (Dkt. No. 20-1).

Commission Order, thus raising these defenses in this proceeding is improper and the Court should grant the Commission's Application and enforce the Commission Order.

## ARGUMENT

### I. The Statutory Basis for this Application.

Section 21(e) of the Exchange Act and Section 209(d) of the Advisers Act provide that United States courts have jurisdiction to command a person to comply with Commission orders.[9] In its Application to convert a Commission Order to a Judgment, the Commission asks for the precise relief available under these provisions. These proceedings are summary in nature.[10] Mackle has not paid the money he owes to the Commission. Thus, a judgment is needed to seek enforced collection of the amounts on which Mackle is delinquent.[11]

Mackle, however, proposes ignoring the statutes governing this proceeding and, without any legal basis, fashioning a new process to essentially renegotiate the terms of his settlement with the Commission. Mackle already consented to a settlement with the Commission. The Court should not permit Mackle to hijack this statutorily prescribed proceeding for his own purpose.

As the court held in *Securities and Exchange Commission v. Pinchas*, "[t]o the extent defendant asks this Court to reconsider the propriety of the . . . action taken by the SEC . . . , such re-examination is precluded by the administrative regime explicitly mandated by Congress."[12] Specifically, "[f]inal orders of the Commission are reviewable only in the United States Courts of Appeals."[13] Here the

---

[9] *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). Section 21(e)(1) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u(e)(1), authorizes the Commission to seek an order from the district court to enforce Commission orders entered under the Exchange Act.
[10] *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. 2007).
[11] *See e.g.* Federal Rules of Civil Procedure 69 (post-judgment discovery and execution).
[12] *Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006).
[13] *Mister Discount Stockbrokers, Inc. v. SEC*, 768 F.2d 875, 876 (7th Cir. 1985); *see* Section 25(a) of the Exchange Act, 15 U.S.C. § 78y(a).

deadline for filing such a petition expired on May 3, 2023.[14] It is undisputed that no petition for review was ever filed.[15]

In light of the foregoing, "a district court [] is precluded from any reconsideration of the disciplinary action taken by the SEC."[16] "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order."[17] In short: "[i]n a summary proceeding, the respondent must be provided an opportunity to respond to the application."[18] Mackle was provided an opportunity to respond to the Application. But instead of raising issues regarding any possible deficiency in the SEC's compliance with the 21(e) process, he raises substantive arguments that he waived. Accordingly, the Commission urges the Court to enter a judgment so that the Commission will have available to it the tools necessary to collect the debt Respondent owes.

## II. Mackle's substantive challenges to the relief contained in the consent order are not properly before this Court.

Mackle argues that this Court should "examine the merits" of his challenges to portions of the relief the Commission ordered against him—relief he knowingly and voluntarily consented to and from which he never sought direct review. Mackle's attempt to rewrite his consent judgment to delete that agreed-to relief fails under longstanding principles of waiver and forfeiture.

---

[14] The appeal period was 60 days after the entry of the Commission Order on March 3, 2023. 15 U.S.C. 78y(a)(1).

[15] As noted above, Mackle did not file such a petition because the matter had been settled—and he had expressly waived his right to judicial review. "Meaningful judicial review was available had Respondents elected to challenge the disgorgement order. It therefore had a full opportunity, had it chosen not to settle the case, to litigate the claims presented here." *Jalbert v. SEC*, 327 F.Supp.3d 287,297 (D. Mass. 2019).

[16] *SEC v. Bridge*, 2014 WL 169813 at *3 (M.D. Fla. Jan. 10, 2014).

[17] *SEC v. McCarthy*, 322 F.3d 650, 658 (9th Cir. 2003). *See*, *SEC v. Cobalt Multifamily Investors, I, LLC*, 2011 WL 4885093 at *2 (S.D.N.Y. Oct. 13, 2011); *SEC v. Pierce*, 737 F. Supp.2d 1068, 1077 (N.D. Cal. 2010); *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. Apr. 5, 2007).

[18] *Pierce v. SEC*, 737 F.Supp.2d 1068, 1077 (N.D. Ca. 2010) (*citing SEC v. McCarthy*, 322 F.3d 650, 658–59 (9th Cir. 2003).

### 1. Mackle knowingly and voluntarily waived his right to challenge the consent order.

Mackle's objections fail for the simple reason that, while represented by counsel, Mackle consented to the imposition of the remedies he now challenges and knowingly and voluntarily waived his right to challenge the order on either direct or collateral review.

As the Second Circuit has held, motions for relief from a judgment are "not favored,"[19] and must be weighed against the strong interest in "preserving the finality of judgments."[20] This "deeply embedded judicial and legislative policy in favor of keeping final judgments final" is "especially true for settlement agreements."[21]

And with good reason. Consent judgments represent "pragmati[c]" "compromises" that "provide parties with a means to manage risk."[22] They reflect an assessment that the "value of the particular proposed compromise" is greater than "the perceived likelihood of obtaining a still better settlement" or "the prospects of coming out better" after trial, particularly considering the "resources that would need to be expended in the attempt."[23] Where, as here, "a party makes a deliberate, strategic choice to settle, she cannot be relieved of such a choice merely because her assessment of the consequences was incorrect."[24] "To hold otherwise would undermine the finality of judgments in the litigation process."[25]

---

[19] *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).
[20] *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). *See also In re Putnam Inv. Mgmt., LLC*, Rel. No. 34-50039, 2004 WL 1619113, at *2 (S.E.C. July 20, 2004) (discussing the Commission's interest in preserving the finality of its settled orders).
[21] *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017).
[22] *SEC v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 295 (2d Cir. 2014).
[23] *Id.*
[24] *United States v. Bank of New York*, 14 F.3d 756, 759 (2d Cir. 1994); *accord Ackermann v. United States*, 340 U.S. 193, 198 (1950) ("[A party] cannot be relieved of a [calculated and deliberate] choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong…. There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from."); *Cummings*, 865 F.3d at 846 ("A settlor's remorse cannot alone justify abandoning [consent] judgments.").
[25] *Bank of New York*, 14 F.3d at 759.

In his offer of settlement, Mackle consented to the Commission's findings and remedies against him "for the purpose of … any other proceedings … in which the Commission is a party,"[26] and agreed not to take any action "denying, directly or indirectly, any finding in the [consent] Order or creating the impression that the Order is without factual basis,"[27] Mackle likewise agreed in his settlement offer that he would pay disgorgement of $2,251,140, plus interest, along with civil penalties of $975,000.[28] And Mackle admitted that his disgorgement and prejudgment interest obligation "is consistent with equitable principles, does not exceed [the] net profits from [Mackle's and Silver Edge's] violations, [that] returning money to [Mackle and Silver Edge] would be inconsistent with equitable principles, [and thus that] distributing disgorged funds to the U.S. Treasury is the most equitable alternative."[29]

Most significantly here, Mackle acknowledged that, by entering into the agreement, he knowingly waived the rights specified in Rules 240(c)(4) and (c)(5) of the Commission's Rules of Practice, including the right to contest the allegations at a hearing, and to seek "Judicial Review by ***any*** court."[30] "When it comes to civil settlements, a deal is a deal."[31] Mackle is thus bound by the terms of his settlement agreement and may not seek to undo those agreed-to terms here.

### 2. Mackle forfeited any challenges to the consent order by failing to seek timely review as provided in the statutory review scheme.

Because Congress granted the courts of appeals exclusive jurisdiction to review final Commission orders, Mackle also forfeited any objections he may have had to the consent order when he failed to timely petition for review from that order. Under Exchange Act Section 25(a), 15 U.S.C. 78y(a), challenges to "[f]inal orders of the Commission are reviewable only in the United States Court

[26] Offer of Settlement at 2.
[27] *Id*. at 10.
[28] Offer of Settlement at 9.
[29] Offer of Settlement at 7.
[30] Offer of Settlement at 2 (emphasis added).
[31] *SEC v. Conradt*, 309 F.R.D. 186, 188 (S.D.N.Y. 2015), aff'd, 696 F. App'x 46 (2d Cir. 2017) (summary order).

of Appeals."[32] That provision also makes clear that a petition for review must be filed within 60 days of the order.[33]

While Mackle *now* challenges the relief against him, it is undisputed that "the time and opportunity for adjudicating the merits of [such a] claim have been exhausted; all that is left to do is enforce the order."[34] Put simply: Mackle had the chance to challenge the relief contained within Commission's order nearly two years ago, but he chose not to. He "should not be permitted to exploit this statutory provision to delay and prolong the enforcement of a duly issued order of the Commission" by raising such challenges now.[35]

Even assuming that Mackle's objections were not statutorily barred, a summary proceeding brought under Exchange Act Section 21(e) would still be an impermissible vehicle for such challenges. In its application, the Commission invoked the Court's jurisdiction for the sole purpose of enforcing a final commission rule. While Mackle has the right to be heard on the Commission's application,[36] Section 21(e) does not "create another layer of adjudication" to relitigate the order's validity.[37] For those reasons, courts consistently hold that substantive objections to the underlying order "are beyond the jurisdiction of a district court conducting an enforcement proceeding under [Section 21(e).]"[38]

That Mackle purports to raise constitutional challenges does not alter this analysis. Courts long have held that a party forfeits constitutional challenges by not raising them during the agency's

---

[32] *Mister Discount Stockbrokers, Inc. v. SEC*, 768 F.2d 875, 876 (7th Cir. 1985); accord *Hill v. SEC*, 825 F.3d 1236, 1237 (11th Cir. 2016).
[33] 15 U.S.C. 78y(a)(1). *See Altman v. SEC*, 687 F.3d 44 (2d Cir. 2012) (per curiam); *Kern v. SEC*, 724 F. App'x 687 (10th Cir. 2018).
[34] *McCarthy*, 322 F.3d at 658.
[35] *Id.*; *see also* Exchange Act Section 25(c)(1), 15 U.S.C. 78y(c)(1) (expressly limiting reviewing court's jurisdiction to only those "objection[s] … urged before the Commission").
[36] *McCarthy*, 322 F.3d at 659.
[37] *Id*. at 658.
[38] *SEC v. Gerasimowicz*, 9 F. Supp. 3d 378, 381-82 (S.D.N.Y. 2014); accord *Pinchas*, 421 F. Supp. 2d at 783 (holding that "administrative regime explicitly mandated by Congress" precludes reexamination of underlying order); *SEC v. Stanley*, 2021 WL 7543043, at *2 (S.D.Fl. Apr. 9, 2021) ("The defendant may not … relitigate the merits of the application or the validity of the order sought to be enforced.").

administrative proceedings.[39] And the fact that Mackle purports to base his objections on recent Supreme Court decisions is irrelevant since new decisional law has retroactive effect only in "cases still open on direct review."[40]

Finally, despite insisting that courts permit defendants to challenge underlying orders in Section 21(e) proceedings, Mackle fails to identify even one such case.[41] In fact, the court in *SEC v. Coronati* (on which Mackle relies), expressly held that substantive challenges were not permitted in such proceedings.[42]

Mackle also points to *SEC v. Craig Scott Capital* and *SEC v. Hold Brothers*, but those decisions are even further afield. In *Craig Scott*, the court indicated its willingness to enforce the Commission order but denied the application after the Commission failed to prosecute enforcement of the order within the court's deadlines and "proffered no excuse, much less a reasonable excuse, for its failure to [do so.]"[43] And in *Hold Brothers*, the court concluded that it lacked authority to enforce a consent order against two individuals who were not a party to the order.[44] Neither of those circumstances is present here.

## III. Mackle's Self-Professed Inability to Pay the Commission Order provides no justification to avoid entering Final Judgment against him.

As discussed above, this proceeding is limited to the enforcement of the Commission's Order and is not an opportunity to re-litigate the underlying merits of the case. Indeed, Mackle

---

[39] *See, e.g., Yakus v. United States*, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a constitutional right may be forfeited … by the failure to make timely assertion of the right before a tribunal having the jurisdiction to determine it."); *Gonnella v. SEC*, 954 F.3d 536, 544-45 (2d Cir. 2020) (holding that a party forfeited constitutional objection by failing to raise it before the Commission).
[40] *Harper v. Va. Dep't of Tax'n*, 509 U.S. 86, 97 (1993).
[41] Mackle's Opposition ("Opp.") at 12.
[42] 2016 WL 6462240, at *3 (E.D.N.Y. Oct. 14, 2016).
[43] 2020 WL 435034, at *2 (E.D.N.Y. Jan. 28, 2020).
[44] 216 F.Supp.3d 422, 424-25 (D.N.J. 2016).

consented to the relief ordered by the Commission.[45] The Order states that "Respondents have submitted an Offer of Settlement that the Commission has determined to accept….Respondents consent to the entry of this Order Instituting Administrative and Cease- and-Desist Proceedings…and Imposing Remedial Sanctions…."[46]

Mackle again attempts to undo the Consent he signed by asking the Court to modify the monetary relief based on his self-professed inability to pay.[47] Courts, however, have "repeatedly rejected" the contention that they should consider inability to pay when ordering disgorgement in an SEC civil action.[48] In *SEC v. Mortensen*, the court stated that "[n]either a defendant's cooperation with a subsequent investigation, nor his claims of financial hardship, are sufficient to preclude disgorgement or reduce the disgorgement amount."[49] Other courts appear to have stated the principle in more absolute terms.[50] Therefore, Mackle cannot in this proceeding challenge the validity of the Commission Order, which requires him to pay disgorgement, prejudgment interest, and a civil penalty. Consequently, the SEC requests that the Court grant the Commission's Application and enforce the Respondents compliance with the Final Commission Order entered against him on March 3, 2023.

---

[45] Offer of Settlement.
[46] *Id.*
[47] Opp. at 20.
[48] *SEC v. Keating II*, 2011 WL 1549429, at *2 (D. Utah Apr. 22, 2011).
[49] *SEC v. Mortensen*, 2013 WL 991334, at *5 (E.D.N.Y. Mar. 11, 2013) (citing cases from multiple districts, including two from the Southern District of New York); *SEC v. Universal Express, Inc.*, 646 F. Supp. 2d 552, 565 (S.D.N.Y. 2009) ("[i]n deciding a motion for disgorgement, a court is not bound to consider a defendant's claims of financial hardship") *and SEC v. Inorganic Recycling Corp.*, 2002 WL 1968341, at *4 (S.D.N.Y. Aug. 23, 2002) ("claims of poverty cannot defeat the imposition of a disgorgement order")); *see also SEC v. Warren*, 2008 WL 1934483, at 2 (11th Cir. May 5, 2008).
[50] *See, e.g., SEC v. United Energy Partners, Inc.*, 88 Fed. App'x 744, 746, 2004 WL 315185, at *2 (5th Cir. Feb. 18, 2004) ("inability to pay is irrelevant" to disgorgement liability); *SEC v. Robinson*, No. 00 Civ. 7452 (RMBN/AJP), 2002 WL 1552049, at *8 (S.D.N.Y. July 16, 2002) ("financial hardship is not grounds for denying disgorgement").

## CONCLUSION

For the reasons set forth above, the SEC requests that the Court enter Judgment enforcing the Commission Order.

Dated: February 4, 2025

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE, Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone: 202.551.4347
Facsimile: 703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission