UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

                                    Plaintiff/Petitioner,

              -against-

DANIEL J. MACKLE, SR. and SILVER EDGE
FINANCIAL, LLC,



                                    Defendants/Respondents.

---

**OPINION & ORDER**

24-MC-00489 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

The Securities and Exchange Commission ("SEC" or "Petitioner") commenced this summary proceeding on or about October 23, 2024, seeking an order pursuant to Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), and Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), to enforce the SEC order entered against Daniel J. Mackle, Sr. ("Mackle") and Silver Edge Financial, LLC ("Silver Edge" and together, "Respondents") on March 3, 2023 (the "SEC Order"). (Doc. 1; Doc. 7, "Application"; Doc. 8; Doc. 8-1(SEC Order)).

On November 1, 2024, the Court issued an Order to Show Cause why the Court should not enter an order enforcing Respondents' compliance with the SEC Order. (Doc. 11). Following an extension of time to respond to the Order to Show Cause (Docs. 15, 17), Mackle filed, on January 14, 2025, a memorandum of law in opposition to the SEC's application (Doc. 20, "Opp."; Doc.

21).[1] On February 4, 2025, the SEC filed its reply memorandum of law in support of its application. (Doc. 22, "Reply").

For the reasons set forth below, the SEC's application is GRANTED.

## BACKGROUND

Mackle is the Chief Executive Officer and Managing Member of Silver Edge. (Application ¶ 4). The SEC found that Respondents operated as unregistered brokers in violation of Section 15(a) of the Exchange Act in connection with their sale of membership interests in two pooled investment vehicles. (*Id*. ¶ 8). On February 2, 2023, Respondents executed Offers of Settlement pursuant to Rule 240(a) of the Rules of Practice of the SEC, 17 C.F.R. § 201.240(a). (Doc. 22-1, "Offer"). On March 3, 2023, the SEC, with Respondents' consent, issued the SEC Order finding that Respondents had violated Sections 15(b) and 21C of the Exchange Act, as to Mackle only Section 203(f) of the Advisers Act, and requiring Respondents to pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the SEC for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and with interest accruing on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600. (Application ¶ 9). The SEC Order also required Respondents to perform specific undertakings, including requiring Respondents to retain the services of an independent distribution consultant, and to cease and desist from committing or causing any violations and any future violations of Section 15(a) of the Exchange Act. (*Id*. ¶¶ 10-11). Finally, the SEC Order barred Respondents from certain associations. (*Id*. ¶ 12). As of January 13, 2025, Mackle acknowledged that he had not paid the disgorgement of $2,251,139.92,

---

[1] The opposition is submitted by Mackle only. (Opp. at 7 n.1). On March 3, 2025, the Court granted the SEC's application to approve the consent judgment as to Silver Edge. (Doc. 18; Doc. 19; Doc. 23).

prejudgment interest of $268,928.33, nor the civil penalties of $975,000. (Doc. 20-1, "Mackle Decl." ¶ 10).

<u>**ANALYSIS**</u>

Section 21(e)(1) of the Exchange Act provides that "[u]pon application of the [SEC] the district courts of the United States . . . shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding . . . any person to comply with the provisions of this chapter, the rules, regulations, and orders thereunder." 15 U.S.C. § 78u(e)(1). Section 21(e) of the Exchange Act "permit[s] the use of summary proceedings in district court to enforce SEC orders." *S.E.C. v. Vindman*, No. 06-CV-14233, 2007 WL 1074941, at *1 (S.D.N.Y. Apr. 5, 2007) (citing *SEC v. McCarthy*, 322 F.3d 650, 655 (9th Cir.2003)); *see also S.E.C. v. Gerasimowicz*, 9 F. Supp. 3d 378, 381 (S.D.N.Y. 2014) (Under "Section 21(e)(1) of the Exchange Act, the SEC may petition a district court for an order requiring that parties comply with an SEC order."); *S.E.C. v. Pinchas*, 421 F. Supp. 2d 781, 783 (S.D.N.Y. 2006).

Section 209(d) of the Advisers Act contains an analogous provision:

> "[w]henever it shall appear to the Commission that any person has engaged . . . in any act or practice constituting a violation of any . . . order hereunder . . . it may in its discretion bring an action in the proper district court of the United States . . . to enforce compliance with . . . any . . . order hereunder. Upon a showing that such person has engaged, is engaged, or is about to engage in any such act or practice . . .[a] decree . . . shall be granted . . . . ."

15 U.S.C. § 80b-9. Section 209(d) thus requires a showing that a person "has engaged, is engaged, or is about to engage" in violating a SEC order. Courts in this Circuit have entered judgment pursuant to Section 209(d) of the Advisers Act in summary proceedings also involving Section 21(e) of the Exchange Act. *See, e.g.*, *S.E.C. v. Train, Babcock Advisors, LLC*, No. 18-mc-00510 (S.D.N.Y. Dec. 17, 2018), Docs. 1, 13.

3

Here, the SEC seeks entry of an order enforcing Mackle's compliance with all relief set forth in the SEC Order. (Application at Wherefore Clause). Mackle objects to certain portions of the SEC Order and asks the Court to deny the SEC's application to enforce those portions— namely, "(1) the injunction without any showing that Mackle is or is about to violate the law; (2) an order of disgorgement requiring remittances to the U.S. Treasury . . . and for moneys that Mackle did not personally receive and in an amount that fails to take into account 'net profits'; and (3) an order imposing civil penalties as determined by the SEC administrative order that was the result of a constitutionally flawed administrative process." (Opp. at 18-19). The SEC contends that Mackle's arguments constitute an attack on the validity of the SEC Order and may not be raised in this summary proceeding. (Reply at 6).

As a threshold matter, in executing the Offer of Settlement, Mackle waived his rights under Rules 240(c)(4) and (c)(5) of the Commission's Rules of Practice, including the right to seek "[j]udicial [r]eview by any court." (Offer at 2; Reply at 10). Mackle responds that he does not seek judicial review of the SEC Order; rather, he objects to certain of the judicial relief sought by the SEC's application. (Opp. at 12-13, 15 n.3). This is a distinction without a difference. Mackle objects to the Court's enforcement of certain terms in the SEC Order on the basis that they are contrary to current law and, therefore, seeks judicial review of those terms.

"[R]e-examination" of the SEC's Order is "precluded by the administrative regime explicitly mandated by Congress." *Pinchas*, 421 F. Supp. 2d at 783. "[F]inal orders of the Commission are reviewable only in the United States Courts of Appeals." [2] *Id.* (quoting *Mister Discount Stockbrokers, Inc. v. S.E.C.*, 768 F.2d 875, 876 (7th Cir. 1985)). In this case, Mackle did

---

[2] The pertinent statutes provide that a person aggrieved by a final order of the SEC may obtain review in the United States Court of Appeals within sixty days after entry of the SEC's order. *See* 15 U.S.C. § 80b-13; 15 U.S.C. § 78y.

not seek review of the SEC Order. (Application ¶ 13; Reply at 8 n.14). Therefore, even if Mackle had not waived his right to judicial review, he did not seek review at the appropriate time or in the appropriate court.

In any event, courts in the Second Circuit have held that the merits of a SEC order cannot be reviewed in Section 21(e) summary proceedings. *See Gerasimowicz*, 9 F. Supp. 3d at 381 (citing cases); *see also S.E.C. v. Cobalt Multifamily Invs. I, LLC*, No. 06-CV-02360, 2011 WL 4899909, at *5 (S.D.N.Y. June 14, 2011) ("A district court has authority to command compliance with a Commission order pursuant to Section 21(e) of the Securities Exchange Act of 1934. A review of the merits of the Commission's orders, however, is outside of the court's jurisdiction." (cleaned up)), *adopted by*, 2011 WL 4889093 (S.D.N.Y. Oct. 13, 2011). Accordingly, Mackle's "substantive objections cannot provide a basis for refusing the SEC's request for an enforcement order because litigants are precluded from challenging the validity of SEC orders in enforcement proceedings initiated pursuant to . . . Section 21(e)(1) of the Exchange Act." *Gerasimowicz*, 9 F. Supp. 3d at 381; *see also United States Sec. & Exch. Comm'n v. Coronati*, No. 16-CV-02022, 2016 WL 6462240, at *3 (E.D.N.Y. Oct. 14, 2016) ("[The defendant] would be precluded from challenging the validity of the Consent Order in this enforcement proceeding under the Securities Act and the Exchange Act."), *adopted by*, 2016 WL 6462261 (E.D.N.Y. Nov. 1, 2016). Mackle does not cite any Second Circuit cases to the contrary that are in the same procedural posture as this action. (Opp. at 12).[3]

---

[3] Mackle cites to the Second Circuit's opinion in *U.S.S.E.C. v. Citigroup Glob. Markets, Inc.*, which vacated the district court's order declining to approve a proposed consent judgment in an action alleging violations of the Securities Act of 1933. 752 F.3d 285, 289 (2d Cir. 2014). Likewise, Mackle cites to *Sec. & Exch. Comm'n v. Caledonian, Bank Ltd.*, wherein the district judge granted a motion for approval of the proposed consent decree in an action alleging violations of the Securities Act of 1933. 317 F.R.D. 358, 374 (S.D.N.Y. 2016). Neither case applies to the instant summary proceeding.

That two of Mackle's three objections invoke constitutional challenges does not change the outcome here. First, Mackle argues that the disgorgement order is "contrary to clear dictates" established in *Liu v. Sec. & Exch. Comm'n*, 591 U.S. 71, 71 (2020). (Opp. at 13). However, *Liu* was decided prior to the SEC Order and thus could have been raised in the proscribed procedural review channel—the United States Courts of Appeals. *See Gonnella v. United States Sec. & Exch. Comm'n*, 954 F.3d 536, 546 (2d Cir. 2020). Second, Mackle argues that the SEC Order directs him to pay civil penalties that are "procedurally invalid and unconstitutional" under *Sec. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 125 (2024). (Opp. at 13). But Mackle provides no authority for the proposition that *Jarkesy*, which was decided after the SEC Order, applies retroactively to his case and can be considered in this procedural posture. (Opp. at 20). Accordingly, the Court declines to consider Mackle's objections that go to the merits of the injunctive relief, disgorgement, and civil penalties proscribed in the SEC Order.

In summary, Mackle has been afforded a meaningful opportunity to respond to the SEC's application. *See Vindman*, 2007 WL 1074941, at *1. The Court, as discussed *supra*, is without jurisdiction to consider Mackle's objections to the validity of the SEC Order. Mackle does not raise any procedural challenges to the SEC's application. Moreover, Mackle acknowledges that he has not paid the amounts due under the SEC Order. (Mackle Decl. ¶ 10). The Court thus finds that enforcement of the SEC Order is warranted under Section 21(e)(1) of the Exchange Act and Section 209(d) of the Advisers Act.

To the extent Mackle argues that the Court should reduce the disgorgement amount because of his financial condition and inability to pay (Opp. at 27), that request is denied. "[C]laims of financial hardship" are insufficient "to preclude disgorgement or reduce the disgorgement amount." *S.E.C. v. Mortenson*, No. 04-CV-02276, 2013 WL 991334, at *5 (E.D.N.Y. Mar. 11,

2013); *see also U.S. S.E.C. v. Universal Exp., Inc.*, 646 F. Supp. 2d 552, 565 (S.D.N.Y. 2009) ("In deciding a motion for disgorgement, a court is not bound to consider a defendant's claims of financial hardship."), *aff'd*, 438 F. App'x 23 (2d Cir. 2011).

<u>**CONCLUSION**</u>

For the foregoing reasons, the SEC's application is GRANTED.

It is hereby ORDERED that Mackle: (1) pay disgorgement of $2,251,139.92, prejudgment interest of $268,928.33 and civil penalties of $975,000, jointly and severally, to the Securities and Exchange Commission for transfer to the general fund of the United States Treasury, subject to Exchange Act Section 21F(g)(3), and interest on delinquent amounts pursuant to 31 U.S.C. § 3717 and Commission Rule of Practice 600; (2) comply with the undertakings set forth in the SEC Order; and (3) comply with the injunctive relief set forth in the SEC Order.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated:    White Plains, New York
          March 3, 2025

_____
PHILIP M. HALPERN
United States District Judge